IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABDUL MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-02538 |
| ) | |
| v. ) | Honorable Jorge L. Alonso |
| ) | |
| SIDECAR TECHNOLOGIES, INC., ) | Magistrate Judge Mary M. Rowland |
| SIDE.CR LLC, SUNIL PAUL, JAHAN ) | |
| KHANNA, and GENERAL MOTORS ) | |
| HOLDING COMPANY, ) | |
| ) | |
| Defendants. ) | |

## GENERAL MOTORS LLC'S MOTION TO DISMISS

On November 10, 2016, the Court issued a Memorandum Opinion and Order dismissing Plaintiff's Complaint as against Sidecar Technologies, Inc., Side.Cr LLC, Sunil Paul, and Jahan Khanna ("Sidecar"). [ECF 32]. The Court noted that Plaintiff's Complaint also names General Motors LLC ("General Motors")[1] as a defendant, but makes no allegations against General Motors. Because the Complaint contains no allegations against General Motors (and thus no allegation that General Motors was Plaintiff's employer or had any relationship with Plaintiff whatsoever), Plaintiff states no claims or theory of liability against General Motors. General Motors therefore requested, and the Court granted, an extension of time for General Motors to file its responsive pleading until after the Court ruled on Sidecar's motion to dismiss.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face and state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing the sufficiency of

---

[1] Incorrectly named in the Complaint as "General Motors Holding Company."

a complaint under the plausibility standard, courts must "accept the well-pleaded facts in the complaint as true, but 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

For all the same reasons advanced by Sidecar in its Amended Motion to Dismiss [ECF 29], which General Motors adopts and incorporates by reference, and for the reasons set forth by the Court in its November 10, 2016 Memorandum Opinion and Order, General Motors moves for the entry of an Order dismissing Plaintiff's Complaint and claims with prejudice to the extent they are directed at General Motors, and for such other and further relief as the Court deems just and appropriate.

DATED:  NOVEMBER 14, 2016.

                                                                                         Respectfully submitted,

By:  /s/  John L. Hayes
     One of the Attorneys for Defendant
     **GENERAL MOTORS LLC**

John L. Hayes
Colleen G. DeRosa
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
*john.hayes@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 14, 2016, he filed the foregoing *Defendant General Motors LLC's Motion to Dismiss* electronically with the Clerk of Court using the Court's ECF system, which sent notification of such filing to:

>Kevin M. O'Hagan
>Sarah Riedl
>O'HAGAN LLC
>One East Wacker Drive
>Suite 3400
>Chicago, IL 60601
>
>*Attorneys for Defendants*
>*Sidecar Technologies, Inc., Side.cr, LLC,*
>*Sunil Paul, and Jahan Khanna*

The undersigned attorney also certifies that the above document was served via FedEx overnight delivery, upon:

>Mr. Abdul Mohammed
>258 East Bailey Road
>Apartment C
>Naperville, IL 60565
>
>*Pro Se Plaintiff*

                 */s/* John L. Hayes

27025292