**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ABDUL MOHAMMED, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIDECAR TECHNOLOGIES, INC., a Delaware Corporation, SIDE.CR, LLC, a Delaware limited liability company, SUNIL PAUL, an individual, and JAHAN KHANNA, an individual,.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 16 cv 02538<br><br>Hon. Jorge Alonso |

**DEFENDANTS SUNIL PAUL AND JAHAN KHANNA'S MOTION TO DISMISS, PURSUANT TO FRCP 12(b)(2)**

NOW COME individually named Defendants, Sunil Paul, and Jahan Khanna, (collectively "Individually Named Defendants"), by and through their attorneys, O'HAGAN MEYER, LLC, and move this Honorable Court for an Order dismissing Plaintiff's Verified First Amended Complaint with prejudice, pursuant to the Federal Rule of Civil Procedure 12(b)(2). In support thereof, Individually Named Defendants state as follows:

**INTRODUCTION**

Plaintiff Abdul Mohammed ("Plaintiff") filed a Complaint of Employment Discrimination against Defendants Sidecar Technologies, Inc., a Delaware Corporation, Side.Cr, LLC (collectively "Sidecar") and Individually Named Defendants, in which he set forth twenty-one (21) causes of action, including violations of the Thirteenth Amendment and the Racketeer Influenced and Corrupt Organizations Act, abuse of aliens and visas in employment practices, intentional infliction of emotional distress, and breach of contract. These allegations stemmed from Plaintiff's brief tenure as a driver for Sidecar, a rideshare company which ceased operations

in December 2015. On May 23, 2016, Defendants moved to dismiss the entire Complaint. ECF Doc. 23. On November 10, 2016, this Court granted Defendants' Motion to Dismiss. See Order of November 10, 2016 (ECF Doc. 32). On February 3, 2017, Plaintiff filed his Verified First Amended Complaint, asserting many of the same allegations, albeit with fewer causes of action. See Verified First Amended Complaint ("Amended Complaint" or "Am. Compl.") (ECF Doc. 41). With regard to the alleged liability of Individually Named Defendants, the Amended Complaint has not cured deficiencies as outlined in the previous Motion to Dismiss. In fact, this Court previously warned:

> "It would be difficult—and unnecessary-to resolve the issue in any case because plaintiff does not specifically allege what actions the individual defendants Sunil Paul and Jahan Khanna took, if any; he simply lumps the "defendants" together and refers to them collectively throughout the complaint. Not only does this prevent the Court from determining whether the individual defendants may have established minimum contacts with Illinois, it fails to provide the individual defendants with sufficient notice of precisely what wrongdoing they are alleged to have committed. **This method of group pleading is improper, and it is reason enough to dismiss the complaint.** *See Bank of Am., NA. v. Knight, 125* F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful")."

ECF Doc. 32, pp. 17-18 (emphasis added).

Because Plaintiff's Amended Complaint suffers from the same deficiencies as his original Complaint, dismissal of Individually Named Defendants, Paul and Khanna, is proper pursuant to Rule 12(b)(2), as this Court lacks personal jurisdiction over them.[1]

## PLAINTIFF'S ALLEGATIONS

The only allegation in Plaintiff's Amended Complaint referencing jurisdiction states "Jurisdiction is conferred on this Court by the aforesaid statutes, as well as by 28 U.S.C. §§1332 as the amount in controversy exceeds $75,000.00". See Am. Compl. ¶ 2 (ECF Doc. 41). There is

[1] Should it be found that Individually Named Defendants Paul and Khanna are subject to this Court's jurisdiction, Individually Named Defendants adopt by reference all substantive arguments presented in Defendants Sidecar Technologies, Inc. and Side.Cr, LLC's Motion to Dismiss Pursuant to FRCP 12(b)(6), concurrently filed by Sidecar.

no other reference to jurisdiction, individual or otherwise. Further, the Amended Complaint only mentions the Individually Named Defendants in a very limited manner. As it relates to Sunil Paul, there are only a few specific allegations of conversations between Plaintiff and Paul, relating to Paul's alleged encouragement of Plaintiff to recruit illegal aliens to drive for Sidecar. At one point, Plaintiff alleges that "PAUL berated PLAINTIFF for his unwillingness to accept his offer to transport undocumented workers from Indiana to Illinois." Id. ¶ 30. As it relates to Jahan Khanna, the Amended Complaint's allegations are even sparser. Specifically, there is only one allegation that references an alleged wrongdoing of Khanna, namely, "[f]ollowing that conversation, PLAINTIFF had several additional conversations with PAUL, KHANNA, ALEX, and another Driver Support Manager named Lily who all directed PLAINTIFF to transport aliens to Illinois from Michigan, Iowa, Wisconsin, and Indiana. PLAINTIFF refused each direction." Id. ¶ 104.

## RECENT DEVELOPMENTS AND DECLARATIONS

Not considered in the previous Motion to Dismiss is the fact that Plaintiff's wage claims have since been adjudicated with the Illinois Department of Labor. See Notice of Telephone Hearing and Wage Claim, attached as Exhibit A.[2] While the written decision from that hearing of October 4, 2016 has not been issued yet, on April 18, 2017, Defendants obtained the official audio recording of that hearing, and has since had it transcribed. See Transcript of IL DOL Hearing, attached as Exhibit B. The Administrative Law Judge in the wage claim held that all wage claims were dismissed. See Exhibit B, p. 47 Although, the Administrative Judge did not

[2] The parties have been awaiting the written decision from the DOL since the hearing on October 4, 2016. Indeed, Defendants filed a Motion for Extension on this basis. See ECF Doc. 44. On April 18, 2017, Defendant obtained the official audio recording of that hearing, and has since had it transcribed. A copy of that transcript is attached as Exhibit B and details the ALJ's findings of fact. Defendant will supply a copy of the written DOL decision to the Court and Plaintiff's counsel when it is issued.

have to reach a decision as to the personal jurisdiction and/or personal liability of Individually Named Defendants, at the Illinois Department of Labor hearing, Plaintiff testified under oath that he has never met either Paul or Khanna, and has never spoken to Paul. See Exhibit B, pp. 18, 20-21.

Neither Paul nor Khanna have any recollection of ever meeting with or speaking to Plaintiff. See Declarations of Sunil Paul and Jahan Khanna, attached as Exhibits C and D, respectively. As these alleged conversations solely form the basis of purported personal jurisdiction over the Individually Named Defendants, this Court is free to consider outside evidence regarding same, including but not limited to the Illinois Department of Labor hearing transcript and declarations of Paul and Khanna, in reaching a decision about personal jurisdiction.

## ARGUMENT

### A. Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(2) because Plaintiff cannot establish personal jurisdiction over Paul and Khanna.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) seeks dismissal based on lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2); Torco Oil Co. v. Innovative Thermal Corp., 730 F. Supp. 126, 128 (N.D. Ill. 1989). The plaintiff bears the burden of providing sufficient evidence to support personal jurisdiction. Torco, 730 F. Supp. at 128. In considering whether Plaintiff has carried that burden, the court may go beyond pleadings and consider external evidence, including but not limited to affidavit testimony. Fed. R. Civ. P. 12(b)(2); Inter-Am. Ins. Co. of Illinois v. Ketchum, 723 F. Supp. 1266 (N.D. Ill. 1989). A federal district court sitting in Illinois has personal jurisdiction over a party only where an Illinois state court could exercise personal jurisdiction through "doing business" or through

submission to jurisdiction through the Illinois long-arm statute. E.J. McGowan & Assocs. v. Biotechnologies, Inc., 736 F. Supp. 808, 809 (N.D. Ill. 1990). The term "doing business" means "that the corporation is conducting business in Illinois of such a character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction." Id. When determining whether an Illinois court could properly exercise jurisdiction over a defendant, a federal court should consider the following:

> (1) Whether the defendant engaged in one of the jurisdictional acts enumerated by the statute; (2) whether the cause of action is one "arising from" the jurisdictional act; and (3) whether the exercise of long arm jurisdiction is consistent with due process as defined by prevailing Constitutional standards.

Id. at 810. However, "jurisdictional acts as an officer of a corporation do not subject the individual to personal jurisdiction." Id.

The Illinois Supreme Court has recognized that it is unfair to force "an individual to defend a suit brought against him personally in a forum in which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer," under the fiduciary shield doctrine. Torco, 730 F. Supp. at 135. In Torco, the plaintiff filed suit against his employer and two of the employer's officers, who resided outside of Illinois, alleging breach of contract and fraud. Id. at 127. The only contact the officers had with Illinois were related to their activities as representatives of the defendant employer. Id. at 128. One officer had travelled to Illinois on a single occasion for the purpose of discussing the contract at issue in the litigation. Id. at 132. In addition, the officers had engaged in telephone and mail communications with persons located in Illinois, in connection with the contract. Id. at 130. The officers filed a motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(2), based on lack of personal jurisdiction. Id. at 127. Specifically, the officers argued that the fiduciary shield doctrine applied to them, such that it would be unfair for the court to exercise personal

jurisdiction. Id. In response, the plaintiff sought to pin personal jurisdiction over the officers to personal jurisdiction over the corporation, which was found to be doing business within the State of Illinois. Id. at 135. The District Court granted the motion to dismiss with respect to the officers, finding that the plaintiff made no suggestion that the officers were acting for personal benefit rather than for the benefit of the corporation. Id. at 140. The District Court reasoned that the rationale behind the fiduciary shield doctrine requires the court to consider "whose interest is actually promoted," such that the officers' actions in furtherance of corporate interests were insufficient to allow the court to exercise personal jurisdiction over the officers. Id.

Further, other cases in this circuit have decided that defendant officers like Paul and Khanna are not subject to personal jurisdiction in Illinois because any actions were taken solely in their corporate capacities. Rollins v. Ellwood, 141 Ill. 2d 244 (Ill. 1990); and Jones v. SABIS Educ. Sys., 52 F. Supp. 2d 868 (N.D. Ill. 1999). More specifically, as in Torco, Paul and Khanna are not residents of Illinois. See Exhibits C, ¶ 6; Exhibit D, ¶ 5. In fact, each has few, if any, contacts with the state in any capacity. Exhibit C ¶¶ 7-17; Exhibit D ¶¶ 6-15. Plaintiff does not allege that Paul or Khanna had any contact with Illinois other than in their respective employment capacities. See Am. Compl. As in Torco, all contact, if any, that Paul and Khanna had with Illinois was in furtherance of their obligations on behalf of Sidecar and not in furtherance of any personal affairs. Accordingly, Plaintiff has not – and cannot – establish sufficient contacts between Paul or Khanna and Illinois sufficient to overcome the fiduciary shield doctrine. Therefore, Plaintiff's Amended Complaint with respect to Paul and Khanna should be dismissed pursuant to Rule 12(b)(2).

Further, and to address the court's questions as presented in its Memorandum Opinion and Order following the Motion to Dismiss Plaintiff's Complaint, Paul and Khanna owned only

minority shares in Sidecar, less than 15% and approximately 4-5%, respectively. See Exhibit C, ¶ 5; Exhibit D ¶ 4. There are no allegations that any actions taken by Paul or Khanna were made for any personal benefit. See Am. Compl. Further, Paul and Khanna had little, if anything to do with Plaintiff's brief tenure as a driver, or with Plaintiff at all. See Exhibits C and D. As Plaintiff testified in the Illinois Department of Labor hearing, and as Individually Named Defendants have both averred in their respective declarations, Plaintiff and Individually Named Defendants never met, and never spoke with each other. Exhibit B, pp. 18, 20-21; Exhibit C., ¶ 8; Exhibit D, ¶ 7. Further, neither Individually Named Defendant had knowledge of, ordered, or otherwise approved of any decisions to violate minimum wage or overtime laws, refuse to pay wages owed, or to recruit illegal aliens to drive for Sidecar. Exhibit C, ¶ 4; Exhibit D, ¶ 3.

To force these individual parties to litigate in an unknown forum, where they have no personal contacts, would be unjust. For example, if Individually Named Defendants are subject to personal jurisdiction in the State of Illinois, they may have to travel to the forum state at their own cost for depositions and trial. At best, Paul and Khanna are former employees and witnesses for Sidecar, which has consented to jurisdiction in Illinois. However, to haul these two minority players of a now non-operational entity into court for decisions clearly made on behalf of a valid corporation is patently unjust.

## CONCLUSION

WHEREFORE, Defendants, Sunil Paul, and Jahan Khanna respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Verified First Amended Complaint against them with prejudice, pursuant to the Federal Rules of Civil Procedure 12(b)(2), and, and for such further relief as this Honorable Court deems just and appropriate.

Dated: April 21, 2017

Respectfully submitted,

O'HAGAN MEYER, LLC

_/s/ ___*K. Gloede*_________________
Attorney for Defendants

Kevin M. O'Hagan (ARDC No. 6211446)
Katherine Plominski Gloede (ARDC No. 6301916)
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax